THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (SBN 168562)
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450
kah@weiserlawfirm.com

Lead Counsel for Plaintiffs and
Counsel for Plaintiff Robert Berg

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| IN RE INTUITIVE SURGICAL SHAREHOLDER DERIVATIVE LITIGATION | Lead Case No. 5-14-CV-00515-EJD |
| | ADMINISTRATIVE MOTION FOR ORDER ADVANCING DATE FOR CASE MANAGEMENT CONFERENCE |
| This Document Relates To: | |
| ALL ACTIONS. | |

I. **INTRODUCTION**

Plaintiffs hereby move, pursuant to Civ. L.R. 7-11, to advance the Case Management Conference currently set for May 14, 2015 (the "CMC") in the above-captioned action (the "Action"). Plaintiffs respectfully submit that the CMC should be advanced to April 23, April 30, May 7, or any alternative earlier date that the Court is able to accommodate.[1] The legal authority addressed herein demonstrates that demand was futile as to the derivative claims asserted in the Action on behalf of Nominal Defendant Intuitive Surgical, Inc. ("Intuitive" or the "Company"). Because demand was futile, and no other purported basis for dismissal was advanced, discovery should proceed immediately to avoid undue prejudice to Plaintiffs.

Specifically, expediting the CMC so that the Court may entertain the parties' respective case management plans and discovery schedules will provide a meaningful opportunity to coordinate discovery in the Action with that currently ongoing in the related securities fraud class action that is also pending before this Court, captioned *In re Intuitive Surgical Securities Litigation*, No. 5:13-CV-01920 EJD (the "Class Action"). Coordination is now more important than ever, as the complaint in another derivative case asserted on behalf of Intuitive – *Public School Teachers' Pension and Retirement Fund of Chicago v. Guthart,* Case No. CIV-526930 (the "State Action") – was recently sustained in the Superior Court for the State of California, In and For the County of San Mateo (the "State Court").[2] Because discovery is proceeding in this Court in the Class Action, Plaintiffs remain of the view that this Court is the most appropriate to litigate all claims related to the issues raised in Plaintiffs' complaint. Moreover, Plaintiffs have been and remain willing to coordinate with the State Court plaintiffs. A prompt CMC will help ensure that Plaintiffs' claims are not prejudiced through delay.

---

[1] As is detailed in the concurrently filed Herkenhoff Declaration, counsel for all parties to the Action are able to participate in the CMC on the foregoing dates.

[2] On June 25, 2014, this Court remanded the State Action to the State Court following Defendants' removal. Defendants subsequently moved to stay the State Action in favor of this earlier-filed and substantially similar Action, but the State Court denied the Defendants' stay motion. Defendants then petitioned for a writ of mandate in the Intermediate Court of Appeal. After granting an immediate stay and accepting briefing on the matter, the Intermediate Court of Appeal subsequently denied the Defendants' petition. Defendants therefore filed their demurrer in the State Action on January 20, 2015.

## II. ARGUMENT

On April 6, 2015, Plaintiffs filed a Statement of Recent Decision (the "Supplemental Authority") in opposition to Defendants' pending Motion to Dismiss (the "Motion to Dismiss") in the Action.[3]  *See* ECF Dkt. No. 78.  The Supplemental Authority consists of a Memorandum Decision and Order on Demurrer (the "State Court Order") issued on March 27, 2015 in the State Action.  *Id*.  Per the State Court Order, the State Court concluded that pre-suit demand on Intuitive's Board of Directors (the "Board") was futile.  *See id.* at Exhibit A.

Respectfully, as a threshold matter, the Motion to Dismiss in the instant Action should be denied and this Action should proceed based on issue preclusion principles.  Federal courts across the country have repeatedly recognized that a ruling as to whether pre-suit demand was required upon a board of directors in a related derivative proceeding precludes the re-litigation of that same issue.  *See, e.g.*, *In re Sonus Networks, Inc. S'holder Deriv. Litig.*, 422 F. Supp. 2d 281, 284 (D. Mass. 2006) (holding that ruling on demand futility under Delaware law in parallel derivative proceeding precluded the re-litigation of the question of demand futility), *aff'd*, 499 F.3d 47 (1st Cir. 2007); *Henik v. LaBranche*, 433 F. Supp. 2d 372, 381 (S.D.N.Y. 2006) (determination regarding demand futility under Delaware law in "an almost identical action" precluded re-litigation of demand futility); *Hanson v. Odyssey Healthcare, Inc*., 2007 WL 5186795 (N.D. Tex. Sept. 21, 2007) (same, and stating that "Judge Murphy's ruling is binding on this Court as to the issue of demand futility."); *LeBoyer v. Greenspan*, 2007 WL 4287646, at *1 (C.D. Cal. June 12, 2007) (same).[4]  Because the Motion to Dismiss is based solely on Defendants' contention that pre-suit demand on the Board was required under Delaware law, and the State Court Order expressly rejected that contention, it is

---

[3] The Motion to Dismiss was filed on September 12, 2014 and briefing in connection with the Motion to Dismiss was completed on October 30, 2014.  A hearing was scheduled to take place on January 22, 2015, but on January 14, 2015 the Court took the Motion to Dismiss under submission without oral argument.  The Motion to Dismiss remains ripe for adjudication.

[4] *See also Holt v. Golden,* 880 F. Supp.2d 199 (D. Mass. 2012) (ruling on demand futility in parallel derivative proceeding precluded re-litigation of the same issue); *Arduini v. Hart,* 2012 WL 893874 (D. Nev. Mar. 14, 2012), *aff'd*, 774 F.3d 622 (9th Cir. 2014) (same).

Plaintiffs' position that Defendants are bound by the State Court Order and their Motion to Dismiss must be denied.[5]

Further, Plaintiffs respectfully submit that discovery in this Action should commence immediately and be coordinated with the related Class Action.[6] Because discovery has begun there and, in Plaintiffs' view, preclusive authority has resolved the pre-suit demand issue, coordination serves both the Court's and the parties' interests in efficiency and judicial economy.[7] *See, e.g.*, *In re Galena Biopharma Inc. Derivative Litig.*, 2015 WL 454868 (D. Or. Feb. 4, 2015) ("it is more efficient for Galena to litigate the securities class action and the derivative cases simultaneously. Both cases are before the same judge in the same court, and discovery issues can be resolved in a consistent manner."); *Smith ex. rel. Apollo Group, Inc. v. Sperling*, 2012 WL 79237, at *3 (D. Ariz. Jan. 11, 2012) (finding that where related class and derivative actions were pending before the same court, "allowing the two actions to proceed at the same time will actually conserve Apollo's financial resources … Apollo could request that the Court consolidate discovery in both actions and avoid unnecessary duplicative discovery and expenditure of financial resources that would occur if Apollo had to engage in discovery on the same issues more than once.").

Moreover, as the parties to this Action advised this Court in a Joint Case Management Statement filed on February 19, 2015 (*see* ECF Dkt. No. 75), the State Court has already expressed

---

[5] Defendants did not move to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). In view of the fact that demand has now been deemed futile in a decision binding on Intuitive and the defendants, there is no basis to now litigate whether actionable claims are stated. *See In re Atmel Corp. Derivative Litig.*, No. 06-4592, 2008 WL 2561957, at *9 (N.D. Cal. June 25, 2008) ("[C]ourts have held that where a plaintiff has alleged facts sufficient to prove demand futility they have also satisfied the burden under Rule 12(b)(6).").

[6] As this Court is aware, the parties to the instant Action submitted a Joint Case Management Statement on September 30, 2014. Therein, Defendants opposed Plaintiffs' contention that discovery should commence, arguing that "discovery should await a resolution on the demand-futility issue." On October 7, 2014, this Court entered an Order staying disclosure and discovery until further Order of the Court.

[7] The defendants' motion to dismiss in the Class Action was denied in substantial part on August 21, 2014. The defendants in the Class Action subsequently filed a motion for reconsideration, and discovery in the Class Action was stayed while the motion for reconsideration was pending. On December 15, 2014, however, the defendants' reconsideration motion was denied and the discovery stay was accordingly lifted. On January 5, 2015, this Court entered a case management conference order in the Class Action providing that discovery on all issues should commence, and setting a fact discovery deadline of December 15, 2015.

an interest in coordinating the substantially similar State Action with this earlier-filed Action, and Plaintiffs in this Action have both stated and clearly demonstrated all along that they are willing and able to so coordinate their efforts with others.[8]

As also stated in the most recent Joint Case Management Statement filed with this Court on February 19, 2015, "[t]he parties flag the State Court Action for the Court because of the potential for conflicting judgments, incompatible discovery and case management orders, and the risk of duplicative and wasteful litigation." *Id*. Plaintiffs respectfully submit that in light of: (a) the fact that discovery in the related Class Action is already proceeding before this Court, and (b) the recent State Court Order, it would be in the best interests of all of the parties, especially the Company, for discovery efforts and the litigation of all derivative claims brought for the benefit of Intuitive to proceed exclusively before this Court, and be appropriately coordinated with the plaintiff and plaintiff's counsel in the State Action.

### III. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that the instant Motion be granted and that the Case Management Conference be advanced to the earliest possible date.

DATED: April 13, 2015

THE WEISER LAW FIRM, P.C.
KATHLEEN A. HERKENHOFF (168562)

s/ KATHLEEN A. HERKENHOFF
KATHLEEN A. HERKENHOFF

---

[8] Indeed, on July 30, 2014, in appointing Robert Berg and The Weiser Law Firm, P.C. (the "Weiser Firm") as lead plaintiff and lead counsel, respectively, this Court recognized that "Berg has made the most concerted effort to be inclusive of the other plaintiffs in this case by suggesting on multiple occasions joint prosecution and a co-plaintiff leadership structure. Because Berg has made a consistent effort to move the case forward in an inclusive manner, the court finds that this factor weighs in favor of appointment of Berg as lead plaintiff." Less than two weeks later, in August 2014, the Weiser Firm informed this Court that it had communicated with the law firms of Grant & Eisenhofer, P.A. and Bernstein Litowitz Berger & Grossmann LLP, then serving as co-lead counsel in a substantially similar derivative action brought on behalf of the Company in the Delaware Court of Chancery, and that in the interests of efficiency and judicial economy the firms agreed to cooperate and coordinate their efforts on the Company's behalf in the Action while the case in the Delaware Court of Chancery would be stayed.

1   12707 High Bluff Drive, Suite 200
2   San Diego, CA 92130
    Telephone: 858/794-1441
3   Facsimile: 858/794-1450

4   THE WEISER LAW FIRM, P.C.
    ROBERT B. WEISER
5   BRETT D. STECKER
    JAMES M. FICARO
6   22 Cassatt Avenue, First Floor
    Berwyn, PA 19312
7   Telephone: 610/225-2677
    Facsimile: 610/ 408-8062
8
9   Lead Counsel for Plaintiffs

10  BERNSTEIN LITOWITZ BERGER &
    GROSSMANN LLP
11  BRETT M. MIDDLETON (Bar No. 199427)
    12481 High Bluff Drive, Suite 300
12  San Diego, CA 92130
    Telephone: 858/793-0070
13  Facsimile: 858/793-0323

14  MARK LEBOVITCH
    DAVID L. WALES
15  EDWARD G. TIMLIN
    1285 Avenue of the Americas
16  New York, NY 10019
    Telephone: 212/554-1400
17  Facsimile: 212/554-1444

18  Additional Counsel and Co-Lead
    Counsel in the Delaware Action
19
20
21
22
23
24
25
26
27
28

CERTIFICATE OF SERVICE

I hereby certify that on April 13, 2015, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on April 13, 2015.

    s/ KATHLEEN A. HERKENHOFF
KATHLEEN A. HERKENHOFF

THE WEISER LAW FIRM, P.C.
12707 High Bluff Drive, Suite 200
San Diego, CA 92130
Telephone: 858/794-1441
Facsimile: 858/794-1450

Email: kah@weiserlawfirm.com

# Mailing Information for a Case 5:14-cv-00515-EJD In re Intuitive Surgical Shareholder Derivative Litigation

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Michael D. Celio**
  mdc@kvn.com,gpeterson@kvn.com,efiling@kvn.com

- **Jeffrey Joseph Ciarlanto**
  jjc@weiserlawfirm.com

- **Alexander Barnes Dryer**
  adryer@kvn.com,efiling@kvn.com,dxc@kvn.com

- **Jo W. Golub**
  jgolub@kvn.com,efiling@kvn.com,SHarmison@kvn.com,sgiminez@kvn.com,jah@kvn.com

- **Cody Shawn Harris**
  charris@kvn.com,jsmith@kvn.com,efiling@kvn.com

- **Kathleen Ann Herkenhoff**
  kah@weiserlawfirm.com,jmf@weiserlawfirm.com,hl@weiserlawfirm.com

- **Mark Lebovitch**
  MarkL@blbglaw.com,kenneth@blbglaw.com

- **Mark Cotton Molumphy**
  mmolumphy@cpmlegal.com,mkeilo@cpmlegal.com,rbarghi@cpmlegal.com,obacigalupi@cpmlegal.com,jacosta@cpmlegal.com

- **Walter W. Noss**
  wnoss@scott-scott.com,efile@scott-scott.com

- **Judy Scolnick**
  jscolnick@scott-scott.com,efile@scott-scott.com

- **Brett D. Stecker**
  bds@weiserlawfirm.com,hl@weiserlawfirm.com

- **Philip James Tassin**
  ptassin@kvn.com,adryer@kvn.com,efiling@kvn.com,sharmison@kvn.com,sgiminez@kvn.com

- **Edward G Timlin**
  Edward.Timlin@blbglaw.com

- **David L Wales**
  davidw@blbglaw.com,kenneth@blbglaw.com,errol.hall@blbglaw.com,BrettM@blbglaw.com

- **Robert Brian Weiser**
  rw@weiserlawfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- `(No manual recipients)`